UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RITA WARREN**,<br>　　　　Creditor/Appellant,<br><br>　　vs.<br><br>**GLENN MICHAEL CYBULSKI**,<br>　　　　Debtor/Appellee. | Case No.: 15-cv-1968-YGR<br><br>**ORDER AFFIRMING IN PART AND VACATING IN PART JUDGMENT OF BANKRUPTCY COURT** |

Appellant Rita Warren ("Creditor"), proceeding *pro se*, appeals the order of the bankruptcy court below dismissing her claims that debts owed to her by Appellee Glenn Cybulski ("Debtor") are non-dischargeable. The bankruptcy court entered summary judgment against Creditor on the basis of default admissions deemed established as a result of Creditor's failure to respond to Debtor's requests for admission pursuant to Federal Rule of Civil Procedure 36(b). (Dkt. No. 19-1.) Creditor timely appealed, arguing she was not granted the opportunity to speak in opposition to Debtor's motion before the bankruptcy court. The Court has jurisdiction over this appeal of a final judgment. 28 U.S.C. § 158(a)(1).

Having carefully considered the papers submitted and the record in this case, the Court **AFFIRMS IN PART** and **VACATES IN PART** the judgment of the bankruptcy court.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

In 2001, Creditor invested approximately one million dollars of an inheritance in Trilogy Investment Group ("TIG"), of which Debtor was a managing member. (Dkt. No. 16-4, Second Amended Complaint "SAC," ¶¶ 5, 9; Dkt. No. 16-22, Debtor's Motion for Summary Judgment, "MSJ," at 2: 2-4.) Before she made the investment, Creditor's neighbor, John Colling, suggested she contact Debtor to discuss investing in TIG. (MSJ at 2:5-6, Exh. C at 40:6-9.) Creditor met

1  with Debtor in early 2001, at which point he provided her with a copy of a document entitled
2  TIG'S "Mortgage-Backed Securities Program." (SAC ¶ 11; *see* MSJ, Exh. C at 40.) Creditor
3  alleges that Debtor made several material misrepresentations to her regarding TIG's program at
4  their meeting. (SAC ¶ 12.) Creditor took TIG's documents to Kenneth Dansie, her accountant,
5  for his review and to discuss her potential investment with TIG. (MSJ, Exh. C at 42.) Dansie told
6  Creditor that he "wasn't happy with [TIG's] proposal" and asked to speak to Debtor. (MSJ, Exh.
7  C at 47.) The following day, Creditor received a phone call from her neighbor Mr. Colling
8  pressuring her to make the investment with TIG and Debtor. (MSJ at 2:23-24.) Creditor met with
9  Debtor to sign an investment agreement with TIG without further consultation with her accountant
10 Mr. Dansie. (*Id.* at 24-26.) Debtor accompanied Creditor to her bank where she transferred
11 $800,000 of her funds into TIG's account. (*Id.* at 26-28.) The next month, at Debtor's request,
12 Creditor wire-transferred an additional $290,000 to TIG's account. (SAC ¶ 15.)

13 Creditor did not see a return on her investment in TIG's mortgage-backed securities
14 program, and in November 2003, filed a complaint against TIG and Debtor in Sonoma County
15 Superior Court. (SAC ¶ 5; MSJ at 3:1-5.) In August 2005, that litigation resulted in a settlement
16 agreement and release between Creditor and Debtor. (SAC ¶ 28; MSJ at 3:6-9.) Debtor defaulted,
17 resulting in the Sonoma County Superior Court entering a judgment in November 2009 in favor of
18 Creditor against Debtor in the amount of $270,000. (SAC ¶ 31.) Then, in January 2013, the
19 Sonoma County Recorder's Office recorded an abstract of the judgment. (SAC ¶ 32.)

20 Just one month after Creditor's judgment was recorded against Debtor, he filed a voluntary
21 petition for relief under Chapter 7 of the Bankruptcy Code. (SAC ¶ 33; MSJ at 3:10.) Creditor,
22 then represented by counsel, timely filed a complaint to determine non-dischargeability of debt.
23 (Dkt. No. 15-1.) The SAC asserts three claims by which the debt should be deemed non-
24 dischargeable based on the original transactions of the parties. Namely, two claims were brought
25 under 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B) as fraud-based, and the third claim under 11 U.S.C.
26 § 523(a)(19) as one relating to the sale of a security. On October 25, 2013, Creditor filed a notice
27 of substitution of counsel, informing the bankruptcy court that she would be proceeding *pro se*.
28 (Dkt. No. 11-46.)

On January 29, 2015, Debtor served on Creditor his first requests for admissions. (MSJ, Exh. B, "RFA.") The RFAs specifically referenced Rule 36 and advised Creditor that if she "fails to respond to or object to any request within thirty (30) days of the service of the [RFAs], the matter shall be deemed admitted." (RFA at 2:1-3.) Creditor signed a United States Postal Service return receipt acknowledging receipt of the RFAs but did not respond to them within the thirty-day deadline established by Rule 36, incorporated by reference under Federal Rule of Bankruptcy Procedure ("FRBP") 7036. (MSJ, Exh. A.) Just six days after the thirty-day period elapsed, Debtor filed a motion for summary judgment substantially based on facts deemed established by operation of Rule 36(b). (*See* MSJ.) Creditor did not oppose the motion.

On the date of the scheduled trial of April 2, 2015, Debtor began the session with a "motion in court for a summary judgment."[1] (Dkt. No. 19-6, "MSJ Transcript," at 3:18-4:3.) Debtor based his motion on a lack of triable issues resulting from (1) Creditor's failure to respond to discovery requests, and (2) the RFAs deemed to be admitted. (*Id.*) The bankruptcy court, Judge Alan Jaroslovsky presiding, proceeded to address the RFAs with counsel for Debtor. With respect to Creditor's claims of non-dischargeable debt based on fraud under Sections 523(a)(2)(A) and 523(a)(2)(B), Judge Jaroslovsky found that RFA No. 76 conclusively established there was no fraud absent reliance. It read: "Please admit that you did not rely on any written or oral statements from [Debtor] in deciding to invest." (RFA No. 76; *see* MSJ Transcript at 10:7-8.) Creditor expressed her confusion and requested an opportunity to correct the deemed admissions. (*Id.* at 8:21-9:2.) Creditor and Judge Jaroslovsky had the following exchange:

> [Creditor]: I was under the impression that this was about the judgment of the settlement that I had with [Debtor] in 2005 which he had three years and then he defaulted on. Then I believe we got a judgment and I believe he's hiding behind Bankruptcy Court. There is – if the other side would like to ask me all the questions, I will answer them, because –
>
> The Court: No. When one side sends you a request for

---

[1] The Court notes its awareness of the procedural history of this case but does not recount it in detail here.

United States District Court
Northern District of California

>admissions and you don't answer them, by saying yes or no, they're deemed admitted. That's the law.
>
>….
>
>The Court: The law is the law. So all those things are deemed admitted, and I don't see how you have a claim for fraud based on the initial transaction with those admissions.
>
>[Creditor]: Because I have the five elements of fraud that I brought with me, and I can speak to each one of those.
>
>The Court: You've admitted that there was no reliance on anything the [Debtor] told you.
>
>[Creditor]: No, I – well then, I misunderstood the question. I totally relied on what he said, and it was totally – he totally misrepresented it.
>
>The Court: All right. I will find based on the admissions that there was no fraud.

(*Id*. at 8:21-10:8.)

With respect to Creditor's security claim under Section 523(a)(19), Judge Jaroslovsky rejected Debtor's attempt to use an RFA to establish that the relevant transactions did not involve a "security" as that term is defined under California law, stating: "the admission seems to call for a conclusion of law which is mine to draw, so I don't see how that helps [Debtor's] case." (*Id*. at 16:11-13.) Creditor and Judge Jaroslovsky then had the following exchange:

>The Court: I'm afraid, unless you can articulate something that you can prove, I'm going to have to enter judgment for [Debtor].
>
>[Creditor]: I can – there's lot of things that I can prove, but it's my word; it's my word against their word, and it's going to have to be who you're going to believe. I don't – you know, I don't understand a lot of the legal terms, what they're saying. I didn't – I did not not comply because I was just trying to be obstinate. I didn't understand. And I don't know how I can be faulted on that.
>
>The Court: Unfortunately you can. All right. I'm sorry. This case has a long history and it's not right for me to force the [Debtor] to litigate this case against the Judge. [Creditor] has violated pre-trial orders twice, is unprepared to go forward and prove her case, and has failed to respond to requests for admissions –
>
>[Creditor]: I am prepared to go forward with the case.

4

> The Court: All right. So the motion for judgment of [Creditor] is granted.

(*Id.* at 16:14-17:9.)

On May 1, 2015, the bankruptcy court entered judgment for Debtor:

> The above captioned Adversary Proceeding having been scheduled for trial on April 2, 2016 before the above Court…prior to trial, [Debtor] moved this court for an order granting him summary judgment with regards to [Creditor's] claims under 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. 523(a)(2)(B) and 11 U.S.C. § 523(a)(19). In support of his motion, [Debtor] submitted [Creditor's] own admissions as acquired by [Debtor] through his discovery requests. Accordingly, the Court found that the case may be summarily decided.

(Dkt. No. 19-1.)

Creditor filed the instant appeal the same day judgment was entered against her. (Dkt. No. 1.) Creditor filed her opening motion before perfecting the record pursuant to FRBP 8006 and 8007. As a result, the Court entered an order directing Creditor to perfect the record and requiring supplemental briefing based on the record. (Dkt. No. 8.) The Court also advised Creditor that her supplemental brief must conform to the requirements in FRBP 8014(a), which dictate what must be included in an appellant's brief. (*Id.*) Thereafter, Creditor perfected the record on appeal (*see* Dkt. Nos. 10-20, 23, 25, 28) and the bankruptcy court certified that the record on appeal was complete (Dkt. No. 31-1). Creditor filed a supplemental brief (Dkt. No. 34)[2] as did Debtor (Dkt. No. 36) pursuant to this Court's orders. The appeal is now ripe for decision.

---

[2] Debtor dedicates a significant portion of his supplemental brief to arguments why, in his view, Creditor's supplemental brief fails to comply with FRBP 8014(a). (*See* Dkt. No. 36.) The Court finds that, especially in light of her *pro se* status, Creditor substantially complied with the requirements of the rule. An improperly labeled table of contents is not a compelling reason to dismiss Creditor's appeal, nor is her inability to employ proper legal jargon within her statement of the case. With respect to the statement of her argument pursuant to FRBP 8014(a)(7), (8), the Court notes that Creditor's basis for appeal is stated succinctly: she appeals the bankruptcy court's entry of summary judgment in favor of Debtor without allowing her an opportunity to speak in opposition thereto. Moreover, Debtor's suggestion that Creditor may have failed to appeal in a timely manner is specious at best. Creditor filed this appeal the same day the bankruptcy court entered judgment. In that regard, Debtor's arguments are not well taken. The Court declines to dismiss Creditor's *pro se* appeal based on inconsequential procedural infirmities.

## II. STANDARD OF REVIEW

The Court reviews *de novo* the bankruptcy court's grant of summary judgment. *In re Ahaza Sys., Inc.*, 482 F.3d 1118, 1123 (9th Cir. 2007). The Court thus stands in the same position as the bankruptcy court below and applies the standards set forth in Rule 56. *Id*. Under Rule 56, a party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324-25; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson*, 477 U.S. at 250; *Soremekun*, 509 F.3d at 984; *see* Fed.R.Civ.P. 56(c), (e). The opposing party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence showing there is a genuine dispute of material fact for trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).

## III. DISCUSSION

Although Creditor's legal arguments are difficult to discern, she unequivocally appeals the bankruptcy court's grant of summary judgment in favor of Debtor.[3] (*See* Dkt. Nos. 5, 34). Specifically, she argues she "was not allowed to tell [her] story regarding the events or proof [she] had regarding the [Debtor]." (Dkt. No. 34 at 5.) Thus the Court must determine whether Debtor was entitled to summary judgment on Creditor's claims, despite the bankruptcy court providing no

---

[3] "The courts are to make reasonable allowances for *pro se* litigants and are to construe *pro se* papers and pleadings liberally." *In re Kashani*, 190 B.R. 875, 883 (9th Cir. BAP 1995).

meaningful opportunity to Creditor to oppose Debtor's motion. The bankruptcy court granted summary judgment to Debtor as to Creditor's claims that the debt was: (A) obtained fraudulently under Sections 523(a)(2)(A) and 523(a)(2)(B); and/or (B) related to the sale of a security under Section 523(a)(19). The Court addresses Creditor's claims in turn:

### A. Fraud

Claims for a non-dischargeable debt under Sections 523(a)(2)(A) and 523(a)(2)(B) both require Creditor to prove she relied on material misrepresentations made by Debtor. *In re Siriani*, 967 F.2d 302, 304 (9th Cir. 1992) (holding that, but for the distinction of written versus non-written statements, claims under Sections 523(a)(2)(A) and 523(a)(2)(B) are "substantially similar" such that adoption of the same elements is appropriate). Creditor plainly alleged reliance in her operative complaint:

> 13. Based on, and in reliance on, [Debtor's] Misrepresentations described above, [Creditor] agreed to invest money with [Debtor]….
>
> 16. [Debtor] invested based on, and in reliance on, the Misrepresentations described above regarding the Program.
>
> 30. …In reliance on [Debtor's] misrepresentations, false statements, omissions, and promises; [Debtor] tendered $1,090,000.00 to [Debtor]….

(SAC ¶¶ 13, 16, 30.) During the pretrial discussion as to Debtor's motion for summary judgment on April 2, 2015, Creditor reiterated her allegations of reliance: "I totally relied on what he said, and it was totally – he totally misrepresented it." (MSJ Transcript at 10:5-6.) However, summary judgment was granted based entirely on Creditor's deemed admission that she "did not rely on any written or oral statements from [Debtor] in deciding to invest." (RFA No. 76.)

Rule 36 is harsh in its consequences to the dilatory litigant. Failure to respond within the thirty-day timeframe automatically results in a material fact being deemed admitted and, in some cases, may subject the adverse party to a grant of summary judgment. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see O'Campo v. Hardisty*, 262 F.2d 621, 623-24 (9th Cir. 1958) (affirming grant of summary judgment based on unanswered requests for admissions). "Once admitted, the matter 'is

7

1  conclusively established unless the court on motion permits withdrawal or amendment of the
2  admission' pursuant to Rule 36(b)." *Conlon*, 474 F.3d at 621 (quoting Fed.R.Civ.P. 36(b)).  Said
3  otherwise, once the matter is deemed admitted, "even by default, the court may not consider
4  evidence that is inconsistent with the admission." *Am. Gen. Life and Accident Ins. Co. v. Findley*,
5  2013 WL 1120662, at *3 (C.D.Cal. March 15, 2013) (citing *999 v. C.I.T. Corp.*, 776 F.2d 866,
6  869-70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded")).

7  Here, the unanswered admission resulted in the automatic establishment of a material fact;
8  Creditor did not rely on the alleged misrepresentations of Debtor.  This deemed admission left
9  Creditor unable to introduce contrary evidence to establish reliance.  Creditor unwittingly
10 precluded her fraud claims by means of noncompliance with the Federal Rules of Civil Procedure.
11 While *pro se* litigants are entitled to certain leeway in the artfulness of pleading, the bankruptcy
12 court was under no obligation to grant Creditor lenience with respect to the costs associated with
13 failure to comply with the procedural requirements of Rule 36.[4]  *King v. Atiyeh*, 814 F.2d 565, 567
14 (9th Cir. 1987) (pro se litigants "must follow the same rules of procedure that govern other
15 litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012);
16 *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (*pro se* civil litigants "should not be
17 treated more favorably than parties with attorneys of record").  Accordingly, the bankruptcy court
18 properly deemed the unanswered admission established, and Creditor could not submit evidence
19 inconsistent therewith to avoid summary judgment.  Entry of summary judgment for Debtor on
20 these claims was appropriate.

21 The Court acknowledges that, absent the deemed admissions, Creditor may well have been
22 able to establish her claims.[5]  That she was estopped from doing so based on an inadvertent

---

[4] In fact, the Bankruptcy Appellate Panel of the Ninth Circuit has indicated that a bankruptcy court may not withdraw *sua sponte* the deemed admissions of a *pro se* litigant.  *In re Manning*, 2013 WL 4428761, at *7-8 (9th Cir. BAP Aug. 19, 2013) (unpublished) (bankruptcy court abused its discretion when it *sua sponte* withdrew deemed admissions on eve of trial).

[5] In late 2014, the bankruptcy court, after reviewing Debtor's proposed findings and conclusions, noted that "there might be some liability" with Debtor, and encouraged the parties to enter into settlement talks.  (Dkt. No. 16-18 at 6:23-7:12.)

1 admission of a material fact strikes the Court as beyond the intended purpose of Rule 36. Indeed,
2 some courts have questioned the efficacy of requests for admissions going to the very heart of
3 disputed material facts. *Pickens v. Equitable Life Ins. Assur. Soc. of the U.S.*, 413 F.2d 1390,
4 1393-94 (5th Cir. 1969) ("requests for admissions as to central facts in dispute are beyond the
5 proper scope of the rule"); *Jefferson v. Perez*, 2012 WL 671917, at *2 (E.D.Cal. Feb. 29, 2012)
6 (holding that "requests for admissions that seek to…render undisputed the disputed material facts
7 of a case are *per se* impermissible"); *In re Savage*, 303 B.R. 766, 772-73 (D.Md. 2003) (Rule 36
8 "was not intended to be used as a technical weapon to defeat the rights of *pro se* litigants to have
9 their cases fairly judged on the merits"); *United States v. Turk*, 139 F.R.D. 615, 618 (D.Md. 1991)
10 (allowing a *pro se* defendant an extra opportunity to respond to outstanding requests for
11 admissions because the court did "not believe that to conclusively hold these central facts to be
12 admitted against this *pro se* defendant would further the interests of justice"). Creditor's
13 ignorance of the Federal Rules of Civil Procedure further worked to her disadvantage because she
14 failed to move to withdraw or amend her deemed admissions. Fed.R.Civ.P. 36(b) ("on
15 motion…the court may permit withdrawal or amendment if it would promote the presentation of
16 the merits of the action and if the court is not persuaded that it would prejudice the requesting
17 party in maintaining or defending the action on the merits"); *Conlon*, 474 F.3d at 621.
18    Creditor, however, did not raise these issues with the bankruptcy court below[6] or in the
19 instant appeal. As such, they are not before the Court. The judgment of the bankruptcy court
20 granting summary judgment to Debtor on Creditor's Section 523(a)(2)(A) and 523(a)(2)(B) claims
21 is **AFFIRMED**.
22    **B.  Sale of a Security**
23    To succeed on a claim for non-dischargeability under Section 523(a)(19), a creditor must
24 show that two requirements are met, namely that the debt: (1) "is for a securities law violation or
25 fraud in connection with the sale of a security," and (2) "results from some form of judicial or

---

[6] Had Creditor sought to withdraw or amend her admissions, the bankruptcy court could have exercised its discretion and not allowed Creditor an opportunity to do so. *Conlon*, 474 F.3d at 621 ("Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions").

administrative determination, or from a settlement agreement." *In re Benjamin Pui-Yun Chui*, 538 B.R. 793, 807 (Bankr.N.D.Cal. 2015); 11 U.S.C. § 523(a)(19). Despite the fact that the bankruptcy court's judgment indicates summary judgment was granted on Creditor's Section 523(a)(19) claim based on Creditor's deemed admissions to the RFAs, the record shows otherwise. In particular, the transcript reflects the bankruptcy court's unwillingness to grant summary judgment based on an RFA that called for a conclusion of law. (MSJ Transcript at 16:11-13; *see* Dkt. No. 36 at 12.) The Court agrees with Judge Jaroslovsky's decision on the record that an RFA is impermissible evidence to establish conclusively that an investment did not involve the sale of a "security" under California law. In that regard, the Court finds that Debtor was not entitled to summary judgment on the Section 523(a)(19) claim based on the grounds articulated in the bankruptcy court's judgment, *i.e.* on the deemed admission alone.

The record does not provide any other basis on which summary adjudication of this claim would be proper. To the contrary, it is not clear that the bankruptcy court followed the framework prescribed by Rule 56. Debtor, as the moving party without the evidentiary burden on the Section 523(a)(19) claim, must have carried his initial burden of bringing forth evidence demonstrating the absence of a genuine issue of material fact. However, the only evidence Debtor presented in support of his motion on April 2, 2015, was the impermissible RFA. Debtor otherwise did not introduce any evidence tending to show that Creditor would be unable to prove her Section 523(a)(19) claim. The bankruptcy court then cut Creditor off in her attempt to present her own evidence. Based on the record before it, therefore, the Court is unable to affirm the decision of the bankruptcy court with respect to this claim.

The judgment of the bankruptcy court granting summary judgment to Debtor on Creditor's Section 523(a)(19) claim is **VACATED**.

**IV. CONCLUSION**

For the foregoing reasons, the judgment of the bankruptcy court is **AFFIRMED** with respect to Creditor's fraud claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), and **VACATED** as to Creditor's claim under 11 U.S.C. § 523(a)(19). The case is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order.

This Order terminates this appeal.

**IT IS SO ORDERED.**

Dated: March 28, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**